J-E01005-24

2024 PA Super 223

MARCELO AITA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
NCB MANAGEMENT SERVICES, INC. :
:
Appellant : No. 510 EDA 2022

Appeal from the Order Entered January 21, 2022
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2019-00981

MARCELO AITA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
NCB MANAGEMENT SERVICES, INC. : No. 615 EDA 2022

Appeal from the Order Entered January 21, 2022
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2019-00981

BEFORE: LAZARUS, P.J., BOWES, J., STABILE, J., DUBOW, J., KUNSELMAN,
J., NICHOLS, J., KING, J., SULLIVAN, J., and LANE, J.

DISSENTING OPINION BY SULLIVAN, J.: **FILED SEPTEMBER 26, 2024**

Based upon the particular facts of this case, I join the learned Dissent's
opinion reversing the order of the trial court. I write separately, however,
because the Dissent's correct statutory analysis of the Wage Payment and
Collection Law ("WPCL") highlights a shortcoming that may frustrate the very
purpose of the statute.

"The primary goal of the WPCL is to make whole again employees whose wages were wrongfully withheld by their employers." ***Ely v. Susquehanna, Inc.***, 130 A.3d 6, 13 (Pa. Super. 2015) (citation omitted). Under the WPCL an employee has a remedy when any type of wage "is payable", and the penalty of "liquidated damages" is collectable if the wages remain unpaid for more than 30 days, or more than 60 days in certain instances defined under the statute. ***See*** 43 P.S. §§ 260.9a(a) and 260.10. Where statutory language is clear and unambiguous, this Court must give effect to the words of the statute. When interpreting a statute, courts may not look beyond the plain meaning of a statute under the guise of pursuing its spirit. ***See City of Johnstown v. Workers' Compensation Appeal Board***, 255 A.3d 214, 220 (Pa. 2021).

While I agree with the dissent's interpretation of the plain meaning of the phrase "is payable," ***see*** Dis. Op. at 4-7, I am concerned that under that interpretation, an employer could, without good reason, make a practice of paying its employees one-to-two weeks late, with interest, which would make it practically impossible for the employees to have wages "payable" for a sufficient period to allow them to file suit under the WPCL and, if unpaid for more than 30 days, seek liquidated damages. For the innumerable employees who live paycheck to paycheck, such a practice could have dire financial consequences, including, for example, penalties for late payment of rent or the necessity to take a "pay day" loan at exorbitant interest rates, which could

- 2 -

heavily burden an employee's personal budget with no statutory opportunity to be made whole. Yet under such a scenario, the employer would not be required to pay liquidated damages and would have no disincentive to discontinue the practice.

It is, however, not within the purview of this Court to "disregard the letter of the statute under the pretext of pursuing its spirit." ***Goodwin v. Goodwin***, 280 A.3d 937, 943 (Pa. 2022) (citation omitted). The Legislature, not this Court, is charged with the authority to make any changes in the WPCL it deems necessary to protect employees against the hypothetical employer practice described above. Thus, because I agree with the Dissent's interpretation of the plain language of the WPCL, I join the Dissent.

Judge Dubow joins this dissenting opinion.